UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

October 25, 2018

LETTER TO COUNSEL

RE: *Augustus G. v. Commissioner, Social Security Administration*;[1]
Civil No. SAG-17-3573

Dear Counsel:

On December 1, 2017, Plaintiff Augustus G. petitioned this Court to review the Social Security Administration's final decision to deny his claim for Supplemental Security Income ("SSI"). [ECF No. 1]. I have considered the parties' cross-motions for summary judgment, and Plaintiff's Reply. [ECF Nos. 15, 16, 17]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the Commissioner's decision, and remand the case to the Commissioner for further consideration. This letter explains my rationale.

Plaintiff filed his claim for SSI on June 26, 2014, alleging a disability onset date of June 1, 2014. (Tr. 206-15). His claim was denied initially and on reconsideration. (Tr. 92-118). A hearing was held on October 5, 2016, before an Administrative Law Judge ("ALJ"). (Tr. 40-76). Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 27-39). The Appeals Council denied Plaintiff's request for review (Tr. 1-5), so the ALJ's 2016 decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Plaintiff suffered from the following medically determinable impairments: "dog bite (right leg), peptic ulcer, bilateral carpal tunnel syndrome, GERD, anemia, and alcohol use." (Tr. 32). The ALJ determined, however, that Plaintiff's impairments were not severe. (Tr. 32-25). Therefore, the ALJ concluded that Plaintiff was not disabled within the meaning of the Act. (Tr. 34-35).

On appeal, Plaintiff's sole argument is that the ALJ erred at step two of the sequential evaluation by concluding that his medically determinable impairments were not severe. [ECF No. 15 at 7-14]. I agree.

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

At step two of the sequential evaluation, the ALJ must determine whether a claimant has a medically determinable impairment that is "severe" or a combination of impairments that is "severe." 20 C.F.R. § 404.1520(c). An impairment or combination of impairments is "severe" if it significantly limits an individual's ability to perform basic work activities; an impairment or combination of impairments is "not severe" when medical and other evidence establish only a slight abnormality or combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work. 20 C.F.R. § 416.921; SSR 85-28 (S.S.A. 1985); SSR 96-3P (S.S.A. July 2, 1996); SSR 96-4P (S.S.A. July 2, 1996); *see also Evans v. Heckler*, 734 F.2d 1012, 1014 (4th Cir. 1984) ("[A]n impairment can be considered as 'not severe' only if it is a *slight abnormality* which has such a *minimal effect* on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience.") (citation and internal quotations omitted) (emphasis in original). Importantly, a claimant's burden of showing a severe impairment at step two is only a "*de minimis* screening device used to dispose of groundless claims." *Taylor v. Astrue*, No. BPG-11-032, 2012 WL 294532, at *8 (D. Md. Jan. 31, 2012) (quoting *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005); *see also Felton-Miller v. Astrue*, 459 F. App'x 226, 230 (4th Cir. 2011) ("Step two of the sequential evaluation is a threshold question with a *de minimis* severity requirement."). SSR 85-28 provides that:

> Great care should be exercised in applying the not severe impairment concept. If an adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential evaluation process should not end with the not severe evaluation step. Rather, it should be continued. In such a circumstance, if the impairment does not meet or equal the severity level of the relevant medical listing, sequential evaluation requires that the adjudicator evaluate the individual's ability to do past work, or to do other work based on the consideration of age, education, and prior work experience.

SSR 85-28 (S.S.A. 1985). Thus, any doubt or ambiguity in the evidence at step two should be resolved in the claimant's favor, and the ALJ should continue with the sequential evaluation. SSR 85-28.

The ALJ's conclusion that Plaintiff's medically determinable impairments were not severe was not supported by substantial evidence. In support of his argument that his impairments were severe, Plaintiff asserts that the "ALJ did not assess the longitudinal medical evidence to determine whether the combination of impairments expressed in the medical evidence would have an effect on Plaintiff's ability to do basic work activities." (Tr. 15-1 at 14). Specifically, Plaintiff argues that the ALJ disregarded the evidence in the record documenting Plaintiff's ongoing nerve pain. [ECF No. 17 at 5].

Because pain itself can be disabling, "it is incumbent upon the ALJ to evaluate the effect of pain on a claimant's ability to function." *Walker v. Bowen*, 889 F.2d 47, 49 (4th Cir. 1989); *see also Myers v. Califano*, 611 F.2d 980, 983 (4th Cir. 1980). In this Circuit, it is well-established that an ALJ must follow the two-step process for assessing complaints of pain as set forth in *Craig*, 76 F.3d at 594-96. *See, e.g.*, *Ketcher v. Apfel*, 68 F. Supp. 2d. 629, 652-53 (D.

Md. 1999). First, the ALJ must determine whether there is objective evidence showing the existence of a medical impairment that reasonably could be expected to cause the pain the claimant alleges he suffers. *Craig*, 76 F.3d at 594 (citing 20 C.F.R. §§ 416.929(b), 404.1529(b)). Second, the ALJ must evaluate the "intensity and persistence of the claimant's pain, and the extent to which it affects the claimant's ability to work." *Id*. at 595. The second step requires the ALJ to evaluate the following factors: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the claimant's pain or other symptoms; (3) any precipitating or aggravating factors; (4) any medication the claimant has taken to alleviate his symptoms; (5) other treatment the claimant has received to alleviate his symptoms; (6) measures the claimant has taken to alleviate his symptoms; and (7) any other factors due to pain or other symptoms. 20 C.F.R. § 404.1529(c)(3). Importantly, in assessing the intensity and persistence of a claimant's pain, claims of disabling pain may not be rejected solely because the available objective evidence does not substantiate the claimant's statements as to the severity and persistence of his pain. 20 C.F.R. §§ 416.929(c)(2), 404.1529(c)(2).

Here, despite noting Plaintiff's testimony that he "has no feeling in his right leg," that he could "only walk for 30 minutes," and that "his medication makes him sleepy," the ALJ did not address any of the medical evidence regarding Plaintiff's pain. (Tr. 27-39). The "medication" referenced in the ALJ's opinion is Gabapentin, which Plaintiff's physician's assistant, Ms. Boyer, prescribed for Plaintiff to manage his ongoing nerve pain from the dog bite. (Tr. 363-70). In fact, the record is replete with references to Plaintiff's complaints of pain, including from the State agency physician, Dr. Qarni. (Tr. 351-58). Dr. Qarni diagnosed Plaintiff with a "[r]ight lower extremity laceration after pit-bull attack…resulting in right lower extremity radiculopathy." (Tr. 357). Despite relying heavily on Dr. Qarni's assessment that Plaintiff had a "full range of motion in all joints and a 5/5 strength in his extremities" with "a normal stance and gait," the ALJ does not mention Dr. Qarni's diagnosis of radiculopathy. (Tr. 33). The State agency's disability determination explanation at the reconsideration level, to which the ALJ assigned "great weight," noted Plaintiff's "nerve damage in right leg" and reports of "pain with prolonged standing." (Tr. 34, 99-106). In addition, both of Plaintiff's medical providers, Ms. Boyer and his treating physician, Dr. Willis, noted Plaintiff's complaints of pain. (Tr. 336-50, 359-72). Dr. Willis noted Plaintiff's "pain in leg from dog bite," and Ms. Boyer noted Plaintiff's "leg pain consistent with nerve pain," for which Plaintiff was "on medication for pain relief." (Tr. 340, 362). The ALJ's analysis of the effect of Plaintiff's pain on his ability to work is nonexistent and therefore plainly deficient, especially in light of the *de minimis* severity threshold at step two. Accordingly, remand is warranted for the ALJ to evaluate the effect of pain on Plaintiff's ability to work. In ordering remand, I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff was not entitled to benefits is correct.

For the reasons set forth herein, Plaintiff's motion for summary judgment, [ECF No. 15], is DENIED, and Defendant's motion for summary judgment, [ECF No. 16], is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the Commissioner's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge